UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 09-CV-61143-COHN/SELTZER

GILBERT JOE ANDERSON,

    Plaintiff,

vs.

PREMIER BEVERAGE CO., LLC,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Premier Beverage Company, LLC ("Premier"), submits this Answer and Defenses to the Complaint filed by Plaintiff, Gilbert Joe Anderson. Responding to the correspondingly numbered paragraphs of the Complaint, Premier states as follows:

### Count I: Age Discrimination

### Introduction

1. Premier admits that this purports to be an action alleging age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"). Premier further admits that it employed Plaintiff as a Field Sales Manager, and admits that it demoted Plaintiff to the position of Account Executive. Premier denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint, and expressly denies any wrongdoing and denies that Plaintiff is entitled to any relief.

### Jurisdiction

2. Premier admits that this Court has jurisdiction over this action; however, Premier expressly denies any wrongdoing and denies that Plaintiff is entitled to any relief.

### Venue

3. Premier admits that the actions alleged in the Complaint are alleged to have occurred within this District; however, Premier expressly denies any wrongdoing and denies that Plaintiff is entitled to any relief.

### Parties

4. Premier admits that it employed Plaintiff beginning in 1971, and admits that Plaintiff held the position of Field Sales Manager during a portion of his employment. Premier is without knowledge as to what Plaintiff means by "a[t] the time"; therefore, Premier denies those allegations.

5. Premier admits that it is a Delaware company, and admits that it is an employer within the meaning of the ADEA and the FCRA. Premier denies the remaining allegations contained in paragraph 5 of the Complaint.

### Satisfaction of Conditions Precedent

6. Premier admits that Plaintiff filed a Charge of Discrimination against Premier. Premier is without knowledge as to the remaining allegations contained in paragraph 6 of the Complaint; therefore, Premier denies those allegations.

7. Premier admits the allegations contained in paragraph 7 of the Complaint.

8. Premier is without knowledge as to the allegations contained in paragraph 8 of the Complaint; therefore, Premier denies those allegations.

### General Allegations

9. Premier denies the allegations contained in paragraph 9 of the Complaint.

10. Premier denies the allegations contained in paragraph 10 of the Complaint.

11. Premier admits that it advised Plaintiff on February 27, 2008 that he was being demoted to the position of Account Executive. Premier denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Premier denies the allegations contained in paragraph 12 of the Complaint.

13. Premier denies the allegations contained in paragraph 13 of the Complaint.

14. Premier admits the allegations contained in paragraph 14 of the Complaint.

15. Premier denies the allegations contained in paragraph 15 of the Complaint.

16. Premier denies the allegations contained in paragraph 16 of the Complaint.

17. Premier denies the allegations contained in paragraph 17 of the Complaint.

18. Premier denies the allegations contained in paragraph 18 of the Complaint.

19. Premier denies the allegations contained in paragraph 19 of the Complaint.

## Count II/Florida Civil Rights Act

20. Premier incorporates by reference its responses to paragraphs 1-6 and 8-13 above.

21. Premier admits the allegations contained in paragraph 21 of the Complaint.

22. Premier denies the allegations contained in paragraph 22 of the Complaint.

23. Premier denies the allegations contained in paragraph 23 of the Complaint.

24. Premier denies the allegations contained in paragraph 24 of the Complaint.

25. Premier denies the allegations contained in paragraph 25 of the Complaint.

26. Premier denies the allegations contained in paragraph 26 of the Complaint.

Premier denies all allegations not specifically admitted herein.

## RESPONSE TO PLAINTIFFS' DEMAND FOR JURY TRIAL

Plaintiff is not entitled to trial by jury on all of the claims and issues raised in the Complaint, and Defendant does not consent to a jury trial of such issues.

## DEFENSES

Without waiving or excusing the burden of proof on Plaintiff or admitting that Defendant has any burden of proof, Defendant asserts the following defenses:

### First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Defense

Upon information and belief, Plaintiff has failed to satisfy the conditions precedent to an action under the ADEA and/or the FCRA.

### Third Defense

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations or the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### Fourth Defense

Plaintiff's claims are barred or limited to the extent Plaintiff has failed to mitigate or cover his damages.

### Fifth Defense

All employment actions taken by Premier were taken for legitimate, non-discriminatory reasons.

### Sixth Defense

To the extent the Court or a jury should conclude that any of the employment decisions challenged by Plaintiff were motivated by discrimination, which they were not, the same decisions, and each of them, would have been made absent any alleged discrimination.

### Seventh Defense

In the event that Plaintiff is entitled to any recovery, Premier is entitled to a setoff in the amount that Plaintiff actually received, or in the exercise of reasonable diligence could have received, from other sources of recovery.

### Eighth Defense

Plaintiff is not entitled to recover any compensatory or punitive damages because neither Premier, nor any of its officers, directors, managing agents, or employees, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Premier did not authorize or ratify any such act.

### Ninth Defense

Plaintiff's claims for damages are limited, in whole or in part, by 29 U.S.C. § 626 and/or Florida Statutes § 760.11(5).

### Tenth Defense

To the extent that Plaintiff engaged in misconduct, fraud, or other conduct prior to, during, or in connection with his employment that otherwise would have resulted in his separation if such conduct were then known to Premier, any remedy otherwise available to Plaintiff in this action is limited by the after-acquired evidence doctrine.

### Eleventh Defense

Plaintiff's claims and/or any claims for damages are barred because Premier exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and/or Plaintiff unreasonably failed to take advantage of Premier's preventative or corrective opportunities or to otherwise avoid harm.

**Twelfth Defense**

Premier has made good-faith efforts to prevent discrimination in its workplace, and thus cannot be liable for the actions of its agents, or for punitive damages, to the extent the challenged employment decisions were contrary to its efforts to comply with anti-discrimination statutes.

Premier reserves the right to amend or assert additional defenses as they arise throughout this litigation.

WHEREFORE, Premier respectfully requests that Plaintiff's action be dismissed with prejudice, and that the Court award Premier its costs including reasonable attorney's fees, and any other and further relief that is deemed to be just and proper.

Respectfully submitted,

*s/ Gaye L. Huxoll*
Lori A. Brown
Florida Bar No. 846767
E-mail: *labrown@littler.com*
Gaye L. Huxoll
Florida Bar No. 149497
E-mail: *ghuxoll@littler.com*
LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131-1804
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

*COUNSEL FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of August, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.

*s/ Gaye L. Huxoll*
Gaye L. Huxoll

**SERVICE LIST**
**Gilbert Joe Anderson v. Premier Beverage Company, LLC**
**Case No. 09-CV-61143-Cohn/Seltzer**
**U.S. District Court, Southern District of Florida**

William R. Amlong, Esq.
Karen Coolman Amlong, Esq.
Rani Nair, Esq.
AMLONG & AMLONG, P.A.
*Counsel for Plaintiff*
500 N.E. 4th Street, 2nd Floor
Ft. Lauderdale, Florida 33301-1154
Telephone: (954) 462-1983
*(Served via transmission of Notice of Electronic Filing generated by CM/ECF)*

Lori A. Brown, Esq.
Gaye L. Huxoll, Esq.
LITTLER MENDELSON, P.C.
*Counsel for Defendant*
2 S. Biscayne Boulevard
One Biscayne Tower, Suite 1500
Miami, Florida 33131-1804
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552